# N. Y. COMMON PLEAS.

THOMAS ACHELIS, JR., *et al.*, plaintiff and respondent, agt. CHARLES KALMAN, defendant and appellant.

*Attachment — Appeal — Order denying motion to vacate an attachment appealable to the general term — Facts which are not sufficient to justify attachment — Code of Civil Procedure, sections 635, 636, 683.*

Where an application is made to vacate an attachment founded only upon the papers upon which the warrant was granted, an order denying such application is appealable to the general term.

On such appeal the general term must exercise the same supervision over the motion that the judge to whom it was originally made could have done. The general term must consider as to whether there is sufficient in the papers to justify the issuing of the attachment, not whether there was jurisdiction.

Where the facts set forth in the affidavits, upon which the attachment was granted, were that the defendant purchased the goods in question August 6, 1880, on a credit of thirty days from September 15, 1880 ; that the goods was obtained [by false and fraudulent representations ; stating the negotiations which entered into the sale, the representations alleged to have been made, and that such statements were false ; shows in what respect it is claimed they were false, and points out the indebtedness existing at the time ; then makes a general allegation that " the defendant has assigned and disposed of his property with intent to defraud his creditors ; that after purchasing said goods, the defendant shipped about one-half of them to auction houses in other cities, and sold the same at auction. After this allegation follows a general charge that the defendant, on October 12, 1880, made a general assignment, with preferences:

*Held,* that there was sufficient in the papers to justify an order of arrest, admitting the facts in the affidavits to be true, but there was not sufficient to justify the attachment.

Where the party made an assignment in October, the goods being bought in August, and there being preferences to creditors whom he owed, the court cannot assume from that fact that there was a fraudulent disposition of his property:

*Held,* further, that the attachment must be reversed, for the reason that there was no connection between the previous acts and the assignment to prove the assignment to have been made with a fraudulent intent, or to warrant that conclusion.

*General Term, January,* 1881.

In this case an attachment was granted on the ground that defendant had assigned and disposed of his property with intent to defraud his creditors. Defendant moved to vacate same on plaintiff's papers, on the ground of the alleged insufficiency of the affidavits. From the order denying this motion the present appeal is taken.

*Blumensteil & Hirsch,* for defendant, appellant.

I. This is an action for wrongful conversion of goods, and for damages therefor. The facts constituting the alleged cause of action arise out of a purchase of the goods in question, made August 6, 1880, on a credit of thirty days from September, 15, 1880. That this merchandise was obtained by means of false and fraudulent representations. All the affidavits simply show a cause of action for fraud in contracting the debt. There are no facts alleged or shown to prove a fraudulent disposition of property, nor from which such a disposal can be legally inferred. Thus on from folio 10 to folio 14, we have the negotiations which entered into the sale. Folio 15 is occupied with the representations alleged to have been made, and that such statements were false. Folios 16 and 17 shows in what respect it is claimed they were false, and points out the indebtedness existing at the time. Then at folio 17 comes the general allegation that "the defendant has assigned and disposed of his property with intent to defraud his creditors, and the only fact alleged in that connection is (*fol.* 18) " that after (how long after is not stated) purchasing said goods the defendant shipped about one-half of the black satin so purchased to auction houses in other cities, and sold the same at auction, as appears by defendant's books of account. That such goods were of the value of about $500." It is not shown that the sale thus made was not in the ordinary course of business; nor that they were sold below cost, or that the proceeds were diverted; nor that the transaction was concealed. On the contrary, it appears to have been spread out in the books of defendant and is for a comparatively small amount, and

Achelis *et al.* agt. Kalman.

shows a disposal only of plaintiff's property. After this allegation follows a general charge that the defendant made an assignment for benefit of preferred creditors to one Reece M. Oberteuffer. This, of course, is no evidence of fraud, and the plaintiff's own affidavit shows it to be generally for the benefit of all the creditors, with preferences. It is not claimed that the persons preferred are not creditors. On the contrary, it is alleged that they are, and that defendant was indebted to them at the time stated in the amount for which they are preferred.

II. The authorities unite in holding that the affidavit must allege facts from which the court can judicially determine whether the defendant has been guilty of one of the fraudulent acts specified (*Mott* agt. *Lawrence*, 17 *How.*, 559; *Connell* agt. *Lascelles*, 20 *Wend.*, 77; *Miller* agt. *Brenkerhoff*, 4 *Denio*, 120; *O'Reilly* agt. *Friel*, 37 *How.*, 27; *Stewart* agt. *Brown*, 16 *Barb.*, 369).

III. The plaintiff seems to rely upon the general statement, unsupported by any fact, that the general assignment was made with intent to defraud creditors. This is at most a general charge based upon no evidence. But even if facts were alleged showing that this instrument was made with intent to hinder, delay and defraud creditors, and could, therefore, in a creditor's suit, be set aside, still this would not be sufficient grounds for issuing an attachment. If it be true, as alleged, that the fraudulent purchase and the assignments were part of one plan, at most these facts would present a case of constructive fraud not sufficient to authorize the granting of an attachment for fraudulent disposition of property (*Place* agt. *Miller*, 6 *Abb.* [*N. S.*]; 178: *Belmont* agt. *Lane*, 22 *How.*, 365; *Denzer* agt. *Munday*, 5 *Robt.*, 636; *Scott* agt. *Sumers*, 34 *How.*, 66). Besides, we claim, even if the rule were otherwise, that there is no concealment or removal of property alleged or shown, nor any circumstances shown from which a fraudulent scheme could be inferred. There is only a general statement made, with no fact alleged to prove their truth (*Yates* agt. *North*, 44 *N. Y.*, 271).

Achelis *et al.* agt. Kalman.

IV. Even admitting that there are sufficient matters stated in the affidavit showing that the fraud in the purchase and the assignment were part of a plan to cheat the plaintiff, they would only make out a cause of action for fraud and deceit, and would form no basis for a charge of fraudulent disposal of property, otherwise in every action of fraudulent conversion an attachment might issue as of course (*See in point*, *German Bank of London* agt. *Bowie Dash*, 60 *How.*, 124).

V. The assignment might, in law, be void, because the property was purchased in order to make assets for *bona fide* preferred creditors. This, however, would not prove a fraudulent disposition of property for which an attachment can issue.

VI. It not being alleged or claimed that any of the creditors preferred in the assignment have fictitious claims, in whole or in part, the defendants had a perfect right to prefer them under the laws of this state (*Archer* agt. *O'Brien*, 7 *Hun*, 146; *Auburn Ex. Bk.* agt. *Fitch*, 48 *Barb.*, 344; *Carpenter* agt. *Muren*, 42 *Barb.*, 300; *Leavitt* agt. *Blatchford*, 17 *N. Y.*, 521, 536; *Woodworth* agt. *Sweet*, 51 *N. Y.*, 8; *Hill* agt. *Northrup*, 9 *How.*, 525).

VII. That the making of a general assignment, or the threat so to do, is not sufficient to authorize an attachment is settled (*Wilson* agt. *Britton*, 26 *Barb.*, 562; *Dickenson* agt. *Benham*, 10 *Abb.*, 390; *affirmed*, 20 *How.*, 343). The order should be reversed, and attachment should be vacated, with costs.

*J. A. McCrary*, for plaintiffs and respondents.

I. The motion to vacate was properly denied. To sustain the attachment it was necessary only that plaintiffs should make out a *prima facie* case on two points, viz., a cause of action for the wrongful conversion of personal property, and an assignment or disposition of property by defendant with intent to defraud his creditors (*Code of Civil Pro.*, secs. 635, 636).

II. As to the existence of a cause of action for wrongful

Achelis *et al.* agt. Kalman.

conversion, the averments in plaintiffs' papers are abundantly full, so much so that their sufficiency in this respect was conceded in the court below.

III. The facts and circumstances set forth in the moving papers had a legal tendency to support the charge expressly sworn to therein, and upon which the attachment was granted, viz., an assignment and disposition of property by defendant with intent to defraud his creditors (*Easton* agt. *Malavazi*, 7 *Daly*, 147; *Kennedy* agt. *Thorp*, 3 *Abb. Pr.* [*N. S.*], 131; *Kennedy* agt. *Thorp*, 51 *N. Y.*, 134; *Place* agt. *Miller*, 6 *Abb.* [*N. S.*], 178; *Blake* agt. *Bernhard*, 3 *Hun.*, 397).

IV. It was not incumbent on plaintiffs to make out a conclusive case of fraudulent intent, or to negative the possibility of an honest intent on the part of the debtor. If the fraudulent intent is a justifiable inference from the facts alleged, the attachment should not be vacated in the absence of any attempt at explanation by defendant (*Cooney* agt. *Whitfield*, 41 *How. Pr.*, 6). " It is not necessary that the facts stated in the affidavit should be decisive of a design on the part of the debtor to assign or dispose of his property with the intent to defraud his creditors. It is sufficient if they legally aim or tend to sustain that averment " (*Schoonmaker* agt. *Spencer*, 54 *N. Y.*, 366).

V. The cases in which it has been held that as preferences by debtors are permitted by law, threats to make assignments with preferences will not be accepted as evidence of intent to make a fraudulent disposition of property have no application to the present case. The distinctive feature here is the intent at the time of the purchases not to pay for the same, but to make a disposition of the property thereby acquired in fraud of the parties from whom the same was bought, by applying it exclusively to the satisfaction of the existing demands of other parties. Such a disposition of his property may be likened to an assignment with preferences in disregard of an agreement to give a particular creditor security upon the debtor's property, which, it is intimated, would entitle such

creditor to an attachment (*See Dickerson* agt. *Benham*, 20 *How. Pr.*, 346).

VI. The papers show that defendant has made an assignment of all his property for the ostensible benefit of creditors, which assignment is asserted to be fraudulent. It is thus plainly before the court that, in applying for the attachment, plaintiff's purpose is to test the validity of the assignment, through a levy upon the assigned property. It is submitted that substantial justice will be done to all the parties in interest by retaining the attachment and leaving the question of the good faith of the assignment to be tried in the action which the court might reasonably assume will follow such levy of the attachment by the assignee (and which, in the present case, has been brought, and is now pending in this court) in conformity with the ruling in *Belmont* agt. *Lane*, (22 *How. Pr.*, 365 ; *opinion of* ALLEN, J., 367). It is evident from an examination of the two opinions here reported, that ALLEN's was the prevailing opinion, and that of SUTHERLAND, J., which precedes, was a dissenting opinion. See in support of this view, *Rincheg* agt. *Stryker* (28 *N. Y.*, 51), where *Belmont* agt. *Lane* is cited as in conformity with a ruling there made, for which support can be found only in the opinion of ALLEN, J.

VII. The order appealed from should be affirmed, with costs and disbursements for printing.

PER CURIAM.—The question in regard to the appealability of the order which has been suggested by the counsel for the respondent, seems to be met by the 683d section of the Code, which is a new provision, and which did not exist in the old Code (there is an express provision in the 683d section of the Code), that an application may be made to vacate an attachment founded only upon the papers upon which the warrant was granted, if such permission is given by the Code. It cannot be but that it was intended that the motion should be made upon these papers for the purpose of ascertaining

Achelis *et al.* agt. Kalman.

whether the papers presented a proper case for the issuing of an attachment, not as to whether there was such facts as would confer jurisdiction upon the officer who granted the attachment, because the right existed to have the attachment vacated upon that ground. Without this provision, it would seem to have been to allow the judge upon the motion to determine upon subsequent examination whether there was sufficient to justify the officer in granting the warrant.

In the section there is an express provision that an appeal may be taken to the general term. This order continued the attachment, and as a result, there was a right to appeal to the general term; and the general term must exercise the same supervision over the motion that the judge to whom it was originally made could have done, and it is a review of his judgment upon these papers, for which the appeal is provided, and as a result the general term must consider as to whether there is sufficient in the papers to justify the issuing of the attachment; not whether there was jurisdiction. Therefore we are of the opinion that the appeal must be maintained.

The next question is whether there was sufficient in the papers to justify the attachment. That there was sufficient to justify an order of arrest, will undoubtedly be conceded by the counsel for the defendant, admitting the facts in the affidavit to be true, but there was not sufficient to justify the attachment. The fact that the defendant sent these identical goods to auction under the position which the plaintiff occupies, made a fraudulent disposition of the plaintiff's property. The plaintiff claims he rescinded the sale, and they sued for the property, and consequently that element is eliminated from the case. Then, where the party made an assignment in October, the goods being bought in August, and there being preferences to creditors whom he owed, how can the court assume from that fact, and that seems to be the solitary fact, that there was a fraudulent disposition of his property?

We do not think it is sufficient to justify it.

Therefore, we think the attachment must be reversed, for

the reason that there was no connection between the previous acts and the assignment sufficient to prove the assignment to have been made with a fraudulent intent or to warrant that conclusion.